DELL, Judge,
concurring in part and dissenting in part.
I concur with the majority’s reversal of the order denying appellant’s motion to dismiss. I disagree, however, with the majority’s remand to the trial court to make additional findings. To judge the impropriety of choking by the level of force applied would not only condone such behavior, but would establish an unworkable standard for our trial courts to apply.
It should be noted that recent cases have applied a “reasonableness” standard when analyzing claims of excessive force by law enforcement agents during searches and seizures. An important factor in determining the reasonableness of such intrusive means of search and seizure is whether the activity “may threaten the safety or health of the individual.” Winston v. Lee, 470 U.S. 753, 761, 105 S.Ct. 1611, 1617, 84 L.Ed.2d 662 (1985); see also Hammer v. Gross, 932 F.2d 842 (9th Cir.1991); Lester v. City of Chicago, 830 F.2d 706 (7th Cir. 1987); People v. Bracamonte, 15 Cal.3d 394, 124 Cal.Rptr. 528, 540 P.2d 624 (1975). The dangers presented by choking make this behavior anything but reasonable.